IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JUSTIN A. W. JOHNSON,                                                                          PLAINTIFF

v.                                            3:23CV00225-DPM-JTK

BJ CARTER, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Pending is Defendant Susan Duffel's Motion for Sanctions for Plaintiff's Failure to Comply with a Court Order. (Doc. No. 80). For the reasons set out below, the Court recommends Defendant Duffel's Motion (Doc. No. 80) be granted and Plaintiff's claims be dismissed without prejudice.

On March 25, 2024, Justin A. Johnson ("Plaintiff") filed a Motion to Quash. (Doc. No. 55). Plaintiff then changed addresses; mail sent by the Court to Plaintiff was returned as undeliverable and resent to Plaintiff's new address of record. (Doc. Nos. 64-67, for example). On May 7, 2024, the Court denied Plaintiff's Motion to Quash. (Doc. Nos. 68, 70). The Court

also noted that because Plaintiff alleged deliberate indifference to serious medical needs, Defendant Duffel was entitled to receive a signed medical release form. (Doc. No. 68).

On July 26, 2024, Defendant Duffel filed her pending Motion for Sanctions. (Doc. No. 80). According to Defendant Duffel, she sent Plaintiff her first set of discovery requests—including a medical release form—on February 15, 2024, followed by a good faith letter on June 18, 2024. (Id. at 1). As of the date of Defendant Duffel's Motion, Plaintiff had not responded to the discovery requests or provided a signed medical release. (Id. at 1-2). As a result, Defendant Duffel asked the Court to sanction Plaintiff for his noncompliance in discovery and dismiss this action in its entirety. (Id. at 5).

On July 30, 2024, the Court directed Plaintiff to respond to Defendant Duffel's Motion and provide her with a signed medical release within 30 days. (Doc. No. 81). The Court warned Plaintiff that if he did not do so, the Court would recommend that his case be dismissed. (Id.).

On September 3, 2024, Plaintiff asked for additional time in which to respond to Defendant Duffel's Motion and provide her the signed release. (Doc. No. 93). On September 4, 2024, the Court granted Plaintiff's Motion; Plaintiff was given until October 4, 2024 to respond. (Doc. No. 94). The Court again warned Plaintiff that if he did not respond to Defendant Duffel's Motion and provide a signed medical release within 30 days, the Court would recommend that his case be dismissed. (Id. at 2).

But Plaintiff never received the Court's September 4, 2024 Order: the mail sent to Plaintiff at his address of record containing the September 4 Order, among other things, was returned as undeliverable. (Doc. No. 97). And Plaintiff has not updated his address of record.

To date, Plaintiff has not responded to Defendant Duffel's Motion for Sanctions and the time for doing so has passed.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Rule 41(b) reads:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

In addition, Rules 37(b)(2)(A)(v) and 37(d)(3) of the Federal Rules of Civil Procedure provide that if a party fails to obey an order to provide discovery, or fails to serve answers to interrogatories, the Court may sanction the party by dismissing the action.

Here, Plaintiff failed to comply with the Courts' September 4, 2024 Order directing Plaintiff to fully respond to Defendant Duffel's Motion and provide her a signed medical release. And he has not updated his address. Under these circumstances, the Court finds that Plaintiff's Complaint, as amended, should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Duffel's Motion for Sanctions (Doc. No. 80) be GRANTED;

2. Defendant Duffel's Motion to Strike (Doc. No. 98) and Motion to Dismiss for Failure to Prosecute (Doc. No. 100) be DENIED as moot.

3. Plaintiff's Complaint, as amended, be DISMISSED without prejudice; and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 8th day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE